UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA					PLAINTIFF

vs.							CRIMINAL ACTION NO.: 1:11CR-13-R

WAAD RAMADAN ALWAN
MOHANAD SHAREEF HAMMADI					DEFENDANTS

**UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 16(d)**
*Filed Electronically*

COMES NOW the United States of America, by counsel, Michael A. Bennett and Bryan R. Calhoun, Assistant United States Attorneys for the Western District of Kentucky, Lawrence Schneider, Trial Attorney, U.S. Department of Justice, and hereby moves the Court for a protective order pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16").  Scott T. Wendelsdorf and James A. Earhart, counsel for the defendants Waad Ramadan Alwan and Mohanad Shareef Hammadi, respectively, have been consulted and have no objection to the entry of the proposed protective order.

Background

On May 26, 2011, an Indictment was returned in the above-captioned matter charging the Defendants with attempting to provide weapons and money to al-Qaida in Iraq, a designated foreign terrorist organization, attempting to provide material support to terrorists, and transporting and possessing surface-to-air missile launchers, among other charges. On May 31, 2011, the Defendants were arraigned before U.S. Magistrate Judge James D. Moyer.  The Court ordered the parties to confer on Rule 16 disclosures by June 10, 2011.  On June 20, 2011, the Government filed an

unopposed motion for an order declaring the case complex within the meaning of the Speedy Trial Act, citing, among other things, that the parties expect that issues of discovery, disclosure, or use of classified information will arise during the case. The use of classified information is governed by the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 2. CIPA is a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *United States v. Baptista-Rodriquez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA in substance entails a layer of procedures designed to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2nd Cir. 1996). On June 21, 2011, the Court declared the case to be complex. The anticipated delays regarding CIPA are a result of the fact that much of the evidence in this case was collected pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829 (FISA). The instant motion for protective order will enable the government to produce Rule 16 discovery.

## Legal Analysis

By this motion, the United States respectfully requests that the Court enter a protective order pursuant to the authority provided in Rule 16(d) of the Federal Rules of Criminal Procedure. A proposed Order is attached. This Order relates to discovery that may be produced by the United States to the defense, including recorded conversations, summaries and transcripts of those conversations; reports of interviews (referred to as "FBI 302s"); materials seized pursuant to Rule 41 search warrants executed at the defendants' residences; toll records; and other documents.

The documents to be produced by the United States fall into two categories. The first category is the discovery materials typical in a criminal case. This category will be referred to as "general discovery materials."

A second category is referred to as "sensitive discovery material." This includes declassified information or material otherwise deemed sensitive. This category consists primarily of consensually recorded conversations, surveillance videos and conversations and video collected pursuant to FISA that are reviewed by or made available to the defendant or the defense team in this case. The materials derived from FISA authority are collectively referred to as "FISA Information."

By its terms, Rule 16 of the Federal Rules of Criminal Procedure contemplates that discovery material exchanged between the parties will be done informally and not channeled through the public record. A request is made by one party and the other party complies. This procedure is reinforced by local standard discovery orders which provide that the parties should conduct discovery informally amongst themselves without involvement of the Court (unless there is an unresolvable dispute).

Rule 16(d) provides that the district court may, for good cause, deny, restrict or defer discovery or inspection or grant other relief including the issuance of protective or modifying orders. By this motion, the government seeks a protective order to ensure that disclosure of the sensitive information is limited to members of the defense team for their use in preparing for trial. Such protection is needed due to the sensitive nature of the information and the privacy concerns of possible witnesses.

Lawyers are, of course, subject to requirements of confidentiality during the period of preparation for trial. See United States v. McVeigh, 918 F. Supp. 1452, 1459 (W.D. Ok. 1996).

> The attorney-client privilege and the work product doctrine protect some information from opposing counsel. The Department of Justice has used its rule-making authority to restrict public release of information in 28 C.F.R. § 50.2. Professional ethics applicable to advocates as officers of the court limit what all counsel may reveal publicly.

Id. As noted by the court in McVeigh, "[t]hese provisions are necessary to assure the fairness of the proceedings and to emphasize that trials are conducted inside the courtroom under the supervision of the presiding judge rather than on the courthouse steps." McVeigh, 918 F. Supp. at 1460.

We recognize that discovery is solely for the purpose of preparation for trial, and that normally a protective order is not needed to ensure that materials provided in discovery are not disclosed to the public (including the media, publishers, and others). In an abundance of caution, however, the government seeks this protective order regarding disclosure of the sensitive information to reinforce the limitations on disclosure of discovery material.

In this case, the nature of the evidence subject to discovery makes it appropriate to enter the proposed protective order, and the entry of such an order may well expedite the resolution of this case. A substantial number of calls in this matter have been identified to be declassified, yet many others remain classified. One of the factors that influences the FBI's decision to declassify this type of evidence is its concern – shared by its partners in the Intelligence Community – with whether there are adequate protections in place to address the non-disclosure of the materials to those who are not a party to the criminal proceedings or outside what is necessary for the parties adequately to prepare for trial. When such protections are not in place, the prosecution's ability to obtain prospective declassification is diminished.[1] Thus, other information that could otherwise be

---

[1] This could also adversely impact declassification decisions in other cases.

declassified and provided readily to the defense might only be provided under the procedures of the Classified Information Procedure Act (CIPA) framework, with the attendant delay.

In addition to the sensitive nature of the information, the privacy concerns of witnesses and others also warrant the entry of the protective order. By its terms, the proposed Order strikes the appropriate balance between the government's security and privacy concerns and the defense team's need to receive, process, analyze and use the information. As discussed above, the discovery identifies persons who have not been charged as defendants in this case, who "have a recognized right of privacy in not being identified and accused by the Government of criminal activity where such accusations are not directly relevant to the proceedings." United States v. Smith, 602 F. Supp. 388, 398 (M.D. Pa. 1985).

In Smith, the press sought access to a document containing the list of names of unindicted co-conspirators which had been provided privately by the government to the defense. In reaching its decision not to disclose this document, the Smith Court analyzed Seattle Times Company v. Rhinehart, 467 U.S. 20 (1984). The Court in Seattle Times stated that discovery is available to a litigant for the purpose of trial preparation and is not traditionally available to the public. 467 U.S. at 33. The Court also noted privacy interests of litigants and third parties may be impinged upon by public release of the materials. Id. at 35.[2]

Accordingly, while the disclosure of the sensitive information to the defendants and their defense teams is entirely appropriate, it is equally appropriate for this Court to issue a protective

---

[2] The Smith court relied upon Seattle Times in determining not to disclose the document even though Seattle Times involved the civil analogue of Rule 16, Fed. R. Civ. P. 26(c), noting that the civil rule was similar to Rule 16(d)(1), which authorizes entry of protective orders in criminal cases.

5

order limiting release of the sensitive information to the defendants and their defense teams for their use in preparing a defense for trial.  See Alderman v. United States, 394 U.S. 165, 184-85 (1969)(disclosure of intercepted conversations to defendants was required but defendant and counsel could be subject to "enforceable orders" against unwarranted disclosure of the materials); United States v U.S. Dist. Court for the Eastern Dist. of Michigan, 407 U.S. 297, 324 (1972)(same).  See also United States v. Saleeme, 978 F. Supp. 386, 389 (D. Mass. 1997) (disclosure of all documents and records produced pursuant to the in discovery to be disclosed only to counsel, defendants and individuals necessary to assist counsel in preparation of the case).

## Conclusion

WHEREFORE, the United States respectfully requests that the Court grant this motion and enter the attached proposed protective order.

Dated:          July 29, 2011

Respectfully submitted,

DAVID J. HALE
United States Attorney

/s/ LAWRENCE SCHNEIDER                 /s/MICHAEL A. BENNETT
Trial Attorney                                         /s/BRYAN R. CALHOUN
U.S. Department of Justice                  Assistant U.S. Attorneys
Counterterrorism Section                   510 West Broadway, 10th Floor
(202) 616-4940                                     Louisville, Kentucky  40202
                                                            (502) 582-5911

CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to Scott T. Wendelsdorf and James A. Earhart, counsel for the defendants Waad Ramadan Alwan and Mohanad Shareef Hammadi, respectively.

                                                  /s/MICHAEL A. BENNETT  
                                                  /s/BRYAN R. CALHOUN  
                                                  /s/ LAWRENCE SCHNEIDER