FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2011 DEC 16 PM 4: 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL NO. 1:11CR-13-R

WAAD RAMADAN ALWAN     DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, Waad Ramadan Alwan, and his attorney, Scott Wendelsdorf, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 842(p)(2), 2332(b)(2), 2332a(a)(1), 2332g, 2339A, and 2339B.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1 through 23 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

1

**Counts 1 and 2:**

From in or about 2003 through 2006, in Iraq, the defendant knowingly conspired to kill United States Nationals in Iraq. During this period the defendant conspired with others, known and unknown, to plant and detonate Improvised Explosive Devices (IEDs) against United States troops serving in Iraq. In particular, the defendant and his co-conspirators planted an IED in a road near the Salah ad Din Province in Iraq in an attempt to kill United States troops that traveled on this particular road. The IED is a "destructive device" and a "weapon of mass destruction" as defined by Title 18, United States Code, Sections 921(a)(4) and 2332a(c)(2)(A).

**Count 3:**

From in or about October 2010 through May 2011 in Bowling Green, Kentucky, the defendant knowingly taught and demonstrated to another individual how to manufacture and use an IED, which qualifies as a "destructive device" as defined in Title 18, United States Code, Section 921(a)(4), an "explosive" as defined in Title 18, United States Code, Section 844(j), and a "weapon of mass destruction" as defined in Title 18, United States Code, Section 2332a(c)(2)(A). The defendant drew diagrams of different types of IEDs and also provided detailed oral instructions regarding how to manufacture and use those IEDs. The defendant provided the IED diagrams with the intent that they be used to train other individuals in the construction and use of such IEDs in order to commit the federal crimes of violence of killing a United States national outside of the United States and the killing of an officer or employee of the United States.

**Counts 4 through 22:**

From in or about September 2010 through May 2011 in Warren County, Kentucky, the defendant knowingly attempted to provide material support and resources, including money, weapons, and expert advice and assistance, on the dates and with the intent set forth below.

| Count(s) | Date | Material Support |
|---|---|---|
| 4 | September 23, 2010 | Transfer of money by defendant knowing and intending that it was to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. |
| 5 | October 21, 2010 | Transfer of money by defendant knowing and intending that it was to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. |
| 6 | October, 2010 through May, 2011 | Training and instruction by defendant on the construction and use of IEDs knowing and intending that they were to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national |

|   |   |   |
|---|---|---|
| | | outside the United States. |
| **7 & 8** | November 10, 2010 | Transfer of 3 machine guns, 3 rocket-propelled grenade launchers, and money, by defendant knowing and intending they were to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed that the items would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew engaged in terrorist activity and terrorism. |
| **9 & 10** | December 15, 2010 | Transfer of money by defendant knowing and intending that it was to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed the money would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew engaged in terrorist activity and terrorism. |
| **11 & 12** | January 27, 2011 | Transfer of money by defendant knowing and intending that it was to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed the money would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew engaged in terrorist activity and terrorism. |
| **13 & 14** | February 16, 2011 | Transfer of 2 rocket-propelled grenade launchers, 2 machine guns, 2 cases of C4 plastic explosives, 2 sniper rifles, and money, by defendant knowing and intending that they would be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed the items would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew engaged in terrorist activity and terrorism. |
| **15 & 16** | February 17, 2011 | Transfer of money by defendant knowing and intending that it was to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed the money would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew |

|  |  |  |
|---|---|---|
|  |  | engaged in terrorist activity and terrorism. |
| **17 & 18** | March 16, 2011 | Transfer of 2 Stinger surface-to-air missile launcher systems and money by defendant knowing and intending that they would be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed the items would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew engaged in terrorist activity and terrorism. |
| **19 & 20** | April 21, 2011 | Transfer of one case of C4 plastic explosives, a box containing 12 hand grenades, and money, by defendant knowing and intending that they were to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed the items would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew engaged in terrorist activity and terrorism. |
| **21 & 22** | May 25, 2011 | Transfer of 3 machine guns, 3 rocket-propelled grenade launchers, and 2 cases of C4 plastic explosives, by defendant knowing and intending that they were to be used in preparation for and in carrying out the murder of an employee of the United States or a United States national outside the United States. The defendant believed the items would be provided to al-Qaida in Iraq, a designated foreign terrorist organization that he knew engaged in terrorist activity and terrorism. |

**Count 23:**
On March 16th, 2011, in Warren County, Kentucky, the defendant knowingly and intentionally conspired with another to transfer, receive, possess, and export 2 Stinger surface-to-air missile launcher systems. These missile launcher systems were designed to launch and guide an explosive and incendiary rocket and missile toward energy radiated and reflected from an aircraft and toward an image locating an aircraft and otherwise direct and guide the rocket and missile to an aircraft. The offense occurred in and affected interstate and foreign commerce.

4.  Defendant understands that one of the charges to which he will plead guilty

carries a mandatory minimum term of imprisonment of 25 years, and that the maximum statutory

term of imprisonment for all the offenses combined is life imprisonment, with a combined maximum fine of $7,500,000, and supervised release for any term of years or life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that since a term of imprisonment of more than one year will be imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights as set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

9.    At the time of sentencing, the United States will

> -recommend a sentence of imprisonment within the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.
>
> -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

10. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The applicable Offense Level and Criminal History Category should be determined as follows:

Counts 1 and 2:
| | |
|---|---|
| § 2A1.2 and 2K1.4 [Base offense level] : | 33 |
| § 3A1.4 [Terrorism]: | +12 |
| § 3A1.2 [Official Victim] | +6 |
| Total: | 51 |

Counts 3 through 23:
| | |
|---|---|
| § 2A1.1 [Base] | 42 |
| § 3A1.4 [Terrorism]: | +12 |
| § 3A1.2 [Official victim]: | +6 |
| Total: | 60 |

| | |
|---|---|
| § 3D1.1 [Determine highest offense level]: | 60 |
| § 3E1.1 [Acceptance of Responsibility]: | -3 |
| Total Adjusted Offense Level: | 57 |
| § 3A1.4(b) [Criminal history category adjustment]: | VI |

    B. The foregoing statements of applicability of sections of the Sentencing Guidelines are not binding upon the Court. The defendant understands the Court will independently calculate the Offense Level and Criminal History Category at sentencing, and defendant may not withdraw the plea of guilty solely because the Court does not agree with the Sentencing Guideline application.

11. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

7

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right to (a) directly appeal his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) contest or collaterally attack his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

14. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

15. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and

the defendant in this case, and are binding only on the parties to this Agreement, supersede all prior understandings, if any, whether written or oral, and cannot be modified other than in writing (signed by all parties) or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

_____     12/16/2011
Michael A. Bennett                   Date
Bryan R. Calhoun
Assistant U.S. Attorneys

_____     12/16/2011
Lawrence Schneider                   Date
Trial Attorney
U.S. Department of Justice


I have had this Agreement read to me in Arabic by my personal interpreter. I have carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     12/16/11
Waad Ramadan Alwan                   Date
Defendant

9

      I am the defendant's counsel. I have fully reviewed every part of this Agreement with the defendant with the assistance of a retained interpreter. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____      12/16/11
Scott Wendelsdorf                           Date
Counsel for Defendant

This document was read to me in its entirety in Arabic.

_____
Waad Ramadan Alwan
Defendant

Read to Mr. Alwan in Arabic on December 16, 2011, at 1:50 PM

_____
Khaldoun Almousily

DJH:BRC:jb: 11/2/2011