## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CRIMINAL ACTION NO. 1:11-CR-00013-TBR-HBB

UNITED STATES OF AMERICA,                                              Plaintiff,

v.

WAAD RAMADAN ALWAN, *et al.*,                                          Defendants.

### MEMORANDUM OPINION AND ORDER

In 2011, a federal grand jury returned an indictment against Waad Ramadan Alwan, charging him with, among other things, one count of conspiracy to attempt to commit murder, one count of conspiracy to use a weapon of mass destruction, and eleven counts of attempting to provide material support to terrorists. [R. 6 at 1–13 (Indictment).] Shortly after the indictment returned, the Government asked for a protective order limiting the dissemination of the highly sensitive information Alwan sought through discovery. [R. 41 at 1–6 (Motion for Protective Order).] The Court granted the Government's motion pursuant to Federal Rule of Criminal Procedure 16(d)(1). [R. 43 at 1–4 (Protective Order).] The protective order required, in pertinent part, that Alwan return all covered material at the conclusion of the case. [*Id.* at 3.]

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), Alwan pleaded guilty to all charges. [R. 51 at 1–4 (Plea Agreement).] The Court accepted that plea and, on January 31, 2013, sentenced Alwan to a forty-year term of imprisonment. [R. 114 at 1–3 (Judgment).] When the time for Alwan to appeal his sentence lapsed on February 16, 2013, *see* Fed. R. App. P. 4(b)(1)(A)(i); *see also* Fed. R. App. P. 26(a)(1), the criminal action against him ended. Accordingly, counsel returned the produced material to the Government as promised. [R. 200 at 3 (Motion to Compel).]

Now, Alwan has filed a motion to compel the Government to produce copies of the returned material, stressing that such information is necessary for him to prepare a yet-to-be-filed motion to alter, amend, or vacate his sentence vis-à-vis 28 U.S.C. § 2255. [*Id.* at 1–3.] The Government opposes Alwan's motion. [*See* R. 204 (Response).] The Court has no occasion, however, to pass on the substance of his request.

"The problem for [Alwan] is that, in the aftermath of a final judgment of conviction and sentence and in the absence of a pending § 2255 motion," there is no outstanding action "to which the motion could apply." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016). Alwan's criminal case has long been concluded, so a motion to disclose information for use in that action is unavailing. *See United States v. Felix*, 298 F. App'x 905, 906 (11th Cir. 2008); *United States v. Rodgers*, No. 10-20235, 2014 WL 943144, at *2 (E.D. Mich. Mar. 11, 2014). Therefore, the Court lacks jurisdiction to entertain Alwan's motion. *See In re Federal Grand Jury*, 976 F.2d 733, 1992 WL 236867, at *1 (6th Cir. 1992) (unpublished table decision) (affirming district court's denial of discovery requests for lack of jurisdiction).

**IT IS HEREBY ORDERED** that Waad Ramadan Alwan's Motion to Compel, [R. 200], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record